```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

TRAVELERS INSURANCE COMPANY,     :
     Plaintiff                   :
                                 :
     v.                          :
                                 :
JOHN HENRY,                      :
     Defendant                   :
                                 :
                                 :  Civil File No. 1:01-cv-250
JOHN HENRY,                      :
     Counter Claimant            :
     and Third-Party Plaintiff   :
                                 :
     v.                          :
                                 :
TRAVELERS INSURANCE COMPANY,     :
     Counter Defendant           :
and CO-OPERATIVE INSURANCE       :
COMPANIES,                       :
     Third-Party Defendant       :
_____  :
```

RULING AND ORDER
(Papers 115 and 116)

This matter has been the subject of several trial and appellate court decisions, familiarity with which is presumed. See, e.g., Travelers Ins. Co. v. Henry, 178 Vt. 287 (2005) (hereinafter the "Vermont Supreme Court opinion"). As a result of the Vermont Supreme Court opinion, this Court will conduct a hearing in which it will utilize the newly-established, two-step process for determining to what extent "double recovery" exists in this matter. See id. at 298-99.

In anticipation of this hearing, the parties have asked the Court to address the continuing validity and potential effect of

the following Stipulation executed in October, 2003:

>Travelers Insurance Company and John Henry ("the parties"), by and through their respective counsel, stipulate and agree as follows:
>
>1. The coverage available from UM/UIM policies is $500,000: $100,000 from Mr. Henry's personal policy with Cooperative Insurance Companies, and $400,000 from a Travelers Insurance Company policy obtained by Mr. Henry's employer, Best Foods, Inc.
>
>2. For the purpose of this case, Mr. Henry's total damages are equal to the sum of the available UIM coverage ($500,000) and the total amount of workers compensation benefits that shall have been paid to him or for his benefit through the date final judgment in this matter shall be rendered.
>
>3. These stipulations are solely for the purpose of determining the parties' respective rights with respect to the $500,000 UIM proceeds which have been deposited with the Court.  These stipulations shall not be used in any other proceeding, whether before the State of Vermont Department of Labor and Industry, or elsewhere.  The parties reserve the right to assert any and all claims and defenses available to them in the State of Vermont Department of Labor and Industry, or any other forum.
>
>4. Travelers maintains that the issue of Mr. Henry's "total damages" is not relevant to the determination of the parties' rights and obligations under 21 V.S.A. § 624(e).  Nothing in this Stipulation shall be construed to preclude or in any way limit Travelers' right or ability to continue to maintain this position in this or any other case.

Stipulation (Paper 116-2).

Travelers argues this Stipulation "is the law of the case, and establishes conclusively that Mr. Henry's total damages are equal to $500,000 plus the workers' compensation benefits paid by Travelers."  Travelers' Mem. (Paper 116-1) at 9.  Mr. Henry, on

the other hand, maintains that, because the Vermont Supreme Court opinion requires this Court to make a finding on actual economic and non-economic losses to determine double recovery, the Stipulation has been rendered irrelevant to the issues to be addressed at the upcoming hearing.  <u>See</u> Henry's Mem. (Paper 115) at 9.

As a general matter, "a court is not always bound by a stipulation," and "it is not bound to accept stipulations regarding questions of law."  <u>Sinicropi v. Milone</u>, 915 F.2d 66, 68 (2d Cir. 1990).  Furthermore, the Court "may also disregard a stipulation if it would be manifestly unjust to enforce [it]."  <u>Id.</u>  It may be unjust to enforce a stipulation when circumstances have changed and the stipulation no longer represents the intent of the parties.  <u>See</u> <u>Compania Trasatlantica Espanolo, S.A. v. Hartford Acc. & Indem. Co.</u>, 950 F.2d 105 (2d Cir. 1991) ("The original intent of the parties is best served by vacating the stipulation so that the appeal may proceed.").

In this case, the parties executed the Stipulation over three years ago in an attempt to resolve their respective rights and obligations as they understood them under the law then in effect.  On its face, the Stipulation does not address "economic vs. non-economic" damages.  The Vermont Supreme Court opinion altered the way the applicable law is now interpreted and changed the process relating to the parties' rights and obligations in a

substantial way.  In short, the Court cannot comply with the Vermont Supreme Court opinion and the Second Circuit's remand mandate and still apply the stipulation.  See 83 C.J.S. Stipulations § 40 ("the parties cannot, by their agreement, present a case to the court for its decision in a manner not authorized by law").  Accordingly, it would be unjust to the parties to find the Stipulation remains effective or relevant to the issue of whether and to what extent there has been double recovery.

The Stipulation is no longer enforceable and will not be permitted into evidence at the time of trial.

SO ORDERED.

Dated at Brattleboro, Vermont, this 14th day of May, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge